O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-506 AHM (DTBx) | Date | July 23, 2010 |
|---|---|---|---|
| Title | JOSE R. GUEVARA, *et al.* v. CHASE HOME FINANCE, LLC, *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | | |

**Proceedings:** IN CHAMBERS (No Proceedings Held)

## I. INTRODUCTION

On February 2, 2010, Plaintiffs Jose R. Guevara and Marina P. Garcia-Guevara filed their original Complaint in state court against JP Morgan Chase ("Chase"), erroneously sued as Chase Home Finance, LLC; Washington Mutual Bank ("WaMu"); and Michael Coreas ("Coreas"), alleging violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, as well as several state claims, including wrongful foreclosure and violation of Cal. Gov. Code § 8207.[1] On April 2, 2010, Defendants removed to federal court, and on April 9, 2010, they filed a motion to dismiss. On May 5, 2010, Plaintiffs filed a motion for leave to amend their complaint, which was granted by the Court. On May 27, 2010, Plaintiffs filed their First Amended Complaint ("FAC"). On June 7, 2010, Chase and Coreas filed a motion to dismiss the FAC, pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds that Plaintiffs fail to state a claim for which relief can be granted.

For the reasons discussed below, the Court GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss.[2]

## II. FACTUAL BACKGROUND

---

[1] In regards to Coreas, only the Cal Gov. Code. § 8207 claim is asserted against him.

[2] Dkt. No. 12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-506 AHM (DTBx) | Date | July 23, 2010 |
|---|---|---|---|
| Title | JOSE R. GUEVARA, *et al.* v. CHASE HOME FINANCE, LLC, *et al.* | | |

In or about June 2007, Plaintiffs sought to refinance a prior loan, thus seeking the assistance of Juan Ramirez, a loan officer at WaMu. FAC ¶ 11. Plaintiffs indicated that they were interested in a 30-year fixed loan with a debt consolidation of their existing home equity line of credit secured by a deed of trust ("HELOC DOT") that encumbered their residential property ("Subject Property"), which was to be paid off and closed. FAC ¶ 12. Plaintiffs allege that, despite their instructions, they were provided a five-year fixed rate loan ("Subject Loan"), as secured by a DOT on the Subject Property, that then became adjustable, and that the existing HELOC DOTwas not closed. FAC ¶ 13. In addition, Plaintiffs allege that they were mistakenly led to believe that the loan officer, Ramirez, was a notary public as a result of the way in which he handled their loan documents. FAC ¶¶ 14-15, Ex. A.

In or about September 2008, Plaintiffs received a letter that the Subject Loan would be adjusting in several months. They claim that this was the first time they learned that their loan was not a 30 year fixed rate loan. This prompted them to contact Defendants so that they could modify the loan in order to prevent what Plaintiffs believed to be foreseeable default. FAC ¶¶ 16-17. Plaintiffs allege that Defendants informed them they were ineligible for loan modification because they had not yet defaulted, but after Plaintiffs did actually default on the loan, Defendants allegedly told them that they were not eligible for modification because they had already defaulted. FAC ¶¶ 17-18.

On January 13, 2009, Plaintiffs sent a notice of rescission, pursuant to TILA, addressed to Washington Mutual, as Chase allegedly desired all correspondence to be addressed as such, despite Chase's recent acquisition of many of the defunct WaMu's assets. FAC ¶ 19. Plaintiff alleges that Defendants did not respond to the initial notice, that they sent another notice of rescission on February 4, 2009 (Ex. B to the FAC), and that there still has not been a response to either notice. FAC ¶¶ 20, 22.

On October 8, 2009, Plaintiffs received a Notice of Default for a loan ending in 481, which indicated that $1856.14 was due on that loan. FAC ¶ 25, Ex. D. On January 15, 2010, Plaintiffs then received a Notice of Trustee's Sale of the Subject Property for a presumably different loan ending in 250, which indicated that $511.940.85 was due on that account. FAC ¶ 26, Ex. E. However, Plaintiffs never received a Notice of Default for this number prior to receiving the Notice of Trustee's Sale.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-506 AHM (DTBx) | Date | July 23, 2010 |
|---|---|---|---|
| Title | JOSE R. GUEVARA, *et al.* v. CHASE HOME FINANCE, LLC, *et al.* | | |

## III. LEGAL STANDARD ON A MOTION TO DISMISS

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, the allegations of the complaint must be accepted as true and are to be construed in the light most favorable to the nonmoving party. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. Thus, if the complaint states a claim under any legal theory, even if the plaintiff erroneously relies on a different legal theory, the complaint should not be dismissed. *Haddock v. Bd. of Dental Examiners*, 777 F.2d 462, 464 (9th Cir. 1985).

Federal Rule of Civil Procedure 8(a)(2) requires

> only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" . . . While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . ., a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

"Two working principles underlie . . . *Twombly*." *Ashcroft v. Iqbal* __ U.S. __, 129 S. Ct. 1937, 1949 (2009). "First, the tenet that a court must accept as true all allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1949-50. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-506 AHM (DTBx) | Date | July 23, 2010 |
|---|---|---|---|
| Title | JOSE R. GUEVARA, *et al.* v. CHASE HOME FINANCE, LLC, *et al.* | | |

'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* at 1949.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. . . . However, material which is properly submitted as part of the complaint may be considered" on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss without converting the motion to dismiss into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). If the documents are not physically attached to the complaint, they may be considered if their "authenticity . . . is not contested" and "the plaintiff's complaint necessarily relies" on them. *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998). Furthermore, under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007). "The district court will not accept as true pleading allegations that are contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading." 5C Wright & Miller, *Fed. Prac. & Pro.* § 1363 (3d ed. 2004).

The plausibility standard articulated in *Twombly* and *Iqbal* requires that a complaint plead facts demonstrating "more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotation marks and citation omitted). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. *Iqbal*, 129 S.Ct. at 1950 (internal citation, alteration, and quotation marks omitted); *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009)("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the pleader to relief.") (citing *Iqbal*, 129 S.Ct. at 1949).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-506 AHM (DTBx) | Date | July 23, 2010 |
|---|---|---|---|
| Title | JOSE R. GUEVARA, *et al.* v. CHASE HOME FINANCE, LLC, *et al.* | | |

Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

## IV. DISCUSSION

### A. Statutes of Limitations Do Not Bar Plaintiffs' TILA Claim.

Defendants first incorrectly argue that TILA's one year statute of limitations bars Plaintiffs' claim because "[a]ny action under [TILA] may be brought in any United States district court, or in any other court of competent jurisdiction, within *one year* from the date of the occurrence of the violation . . . ." 15 U.S.C. § 1640(e) (emphasis added). TILA also provides a borrower with the ability to rescind, within three days or three years if disclosures were not properly made, any credit transaction in which a security interest is created in the borrower's home. 15 U.S.C. § 1635(b). This "right of rescission shall expire *three years* after the date of consummation of the transaction . . . ." 15 U.S.C. § 1635(f) (emphasis added).

Defendants argue that if the violation of TILA stems from the failure to disclose information to the consumer "in a closed-end credit transaction, the date of the occurrence of the violation is no later than the date the plaintiff enters into the loan agreement," citing *Tucker v. Beneficial Mortgage Co.*, 437 F. Supp. 2d 584, 589 (E.D. Va. 2006). Therefore, Defendants conclude, Plaintiff's complaint, which was filed on February 2, 2010, is well outside the damages limitations period for a loan entered into in 2007. MTD at 11. Despite Plaintiffs stating in their FAC that their TILA claim is based on Defendants' failure to respond to their notices of rescission, FAC ¶ 34, Defendants still argue without support that "the actual basis for Plaintiffs' attempt to rescind their Loan was the alleged failure of Washington Mutual Bank to disclose the terms of the Loan [in 2007] . . . ." Reply at 4.

Under TILA, a claim based on a failure to rescind a transaction after a notice of rescission was sent to and received by the lender, the one-year statute of limitations under 15 U.S.C. § 1640(e) is triggered on receipt of such notice, as long as the notice is received by the bank within the three year statute of repose provided in 15 U.S.C. §

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-506 AHM (DTBx) | Date | July 23, 2010 |
|---|---|---|---|
| Title | JOSE R. GUEVARA, *et al.* v. CHASE HOME FINANCE, LLC, *et al.* | | |

1635(f). *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1165 (9th Cir. 2002).[3] Here, Plaintiffs allege that they sent a notice of rescission to Defendants on February 4, 2009, and thus their February 2, 2010 complaint was filed within the applicable one-year statute of limitations. *See* 15 U.S.C. § 1640(e). In addition, Plaintiffs filed their claim for rescission within three-years of consummating the loan. *See* 15 U.S.C. § 1635(f). Therefore, Plaintiffs' claim is not time-barred because both the complaint and the notice of rescission were timely.

Chase also argues that pursuant to the Purchase & Acquisition Agreement between Chase and the FDIC ("P&A"), Chase assumed many assets of WaMu, but not the liabilities associated with WaMu's lending practices. However, the TILA claim arises from Chase's *own actions*: failure to respond to Plaintiffs' notice of rescission in early 2009. Even if the Court could take notice of it, the P&A Agreement cannot absolve Chase of liability for its own actions. Moreover, the actions that form the basis of the complaint occurred *after* Chase acquired WaMu's former assets from the FDIC.

For the above reasons, the Court DENIES Defendants' motion to dismiss as to the TILA claim.

### B. Plaintiffs Fail to State a Claim for Wrongful Foreclosure.

Defendants argue that if, as in this case, a Deed of Trust contains an express provision granting power of sale, as a matter of law, foreclosure can be pursued non-judicially as a trustee's sale if a borrower defaults on the loan. Cal. Civ. Code § 2924. *See also Moeller v. Lien*, 25 Cal. App. 4th 822, 834 (Ct. App. 1994) ("Upon default by the [borrower], the [lender] may declare a default and proceed with a nonjudicial foreclosure sale."); Defs.' RJN, Ex. 2 ¶ 7 (power of sale provision in the loan agreement, which the Court does take notice of because the loan agreement is a matter of public record).

---

[3]Even the *Tucker* court goes on to explain that a "[d]efendant's failure to respond within twenty . . . days [to a notice of rescission] triggered the one . . . year statute of limitations for statutory damages in which [p]laintiffs must file a claim of failure to accept a valid rescission." *Tucker*, 437 F. Supp. 2d at 590.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-506 AHM (DTBx) | Date | July 23, 2010 |
|---|---|---|---|
| Title | JOSE R. GUEVARA, *et al.* v. CHASE HOME FINANCE, LLC, *et al.* | | |

Plaintiffs admit that they failed to keep the loan current, FAC ¶ 18, but argue that they did not receive proper notice of foreclosure from Defendants because the notice of trustee's sale and the notice of default were for different loan numbers and for different amounts. "[A] notice of sale must be published, posted and mailed 20 days before the sale." *Garretson v. Post*, 156 Cal. App. 4th 1508, 1516 (Ct. App. 2007). However, "[a] valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen v. Am. Savings & Loan Ass'n*, 15 Cal. App. 3d 112, 117 (Ct. App. 1971). If a plaintiff fails to make such tender in order to prevent such a sale, he cannot pursue a cause of action in equity. *Id.*

Here, Plaintiffs received notice that they were in default, FAC, Ex. D, and that there was going to be a trustee's sale of the Subject Property, FAC, Ex. E, yet they made no attempt or inquiry regarding tender, despite the fact that these two notices specified amounts that were due. Instead, as Plaintiffs argue for the first time in their Opposition, they did not offer a tender for the debt because they were unsure what needed to be paid to void the trustee's sale. Opp'n at 9.

Therefore, the Court GRANTS Defendants' motion to dismiss as to the wrongful foreclosure claim without prejudice. Plaintiffs may amend to allege that they are able to offer tender.

### C. Plaintiffs Fail to State a Claim for Violation for Cal. Gov. Code § 8207.

"The seal [of a notary] shall be kept in a locked and secured area, under the exclusive control of the notary." Cal. Gov. Code § 8207. Plaintiffs allege that Defendant Correas violated this code, but even if true, this statute does not provide for a private cause of action. Rather, "[f]ailure to secure the seal shall be cause for the Secretary of State to take administrative action against the commission held by the notary public . . . ." *Id.*

Therefore, the Court GRANTS Defendants' claim as to Cal. Gov. Code § 8207.

### V. CONCLUSION

The Court GRANTS IN PART and DENIES IN PART Defendants' motion to

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-506 AHM (DTBx) | Date | July 23, 2010 |
|---|---|---|---|
| Title | JOSE R. GUEVARA, *et al.* v. CHASE HOME FINANCE, LLC, *et al.* | | |

dismiss.[4]  The Court DENIES Defendants' motion as to the TILA claim, but GRANTS the motion as to the wrongful foreclosure claim (with leave to amend) and the claim pursuant to Cal. Gov. Code § 8207 (without leave to amend).  Any amended complaint must be filed by August 6, 2010.

No hearing is necessary.  Fed. R. Civ. P. 78; L.R. 7-15.

_____ : _____

Initials of Preparer        SMO

---

[4]Dkt. No. 12.